UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN DUFFY,

    Plaintiff,

v.                          Civil Action No. 13-696 (GK)

BANK OF AMERICA, N.A., et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Sean Duffy ("Plaintiff" or "Duffy") brings this diversity action against Defendants Bank of America, N.A. ("Bank of America"), Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-OA1 ("Deutsche Bank"), and HSBC Bank USA, N.A. ("HSBC") (collectively, "Defendants").

This matter is presently before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. No. 3] and Plaintiff's Motion for Leave to File an Amended Complaint [Dkt. No. 16]. Upon consideration of the Motions, Oppositions, and Replies, the entire record herein, and for the reasons stated below, Defendants' Motion to Dismiss is **granted** and Plaintiff's Motion for Leave to File an Amended Complaint is **denied**.

I.  BACKGROUND[1]

Duffy is the resident and owner in fee simple of real property located in the District of Columbia. Compl. ¶ 1. On October 31, 2006, Aegis Wholesale Corporation ("Aegis") made a loan to Duffy. Id. ¶ 2. To evidence and secure the loan, Plaintiff signed an Adjustable Rate Note ("Note"). Id. The Note identified Aegis as the Lender and attached the Deed of Trust ("Deed") to secure Duffy's obligation. Id. The Deed also names MERS as "the nominee for Lender and Lender's successors and assigns." Id.; see also Compl. Ex. 1, p. 2.

In 2007, Aegis filed for bankruptcy, and on December 15, 2012, its final liquidation and dissolution was completed. Compl. ¶ 3. It is undisputed that there is an unsatisfied note and deed of trust encumbering the property.

On September 29, 2011, MERS assigned the Deed to Bank of America. Id. ¶ 16; see also Compl. Ex. 2. This Assignment was recorded with the Land Records in the District of Columbia. Id. ¶ 16.

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from the Complaint ("Compl.") [Dkt. No. 1-1].

On January 10, 2013, Bank of America assigned the Deed to HSBC as Trustee for Holders of the Deutsche Bank Mortgage Pass Through Certificates. Id. ¶ 20; see also Compl. Ex. 3. On January 11, 2013, this Assignment was recorded with the Recorder of Deeds for the District of Columbia. Id. ¶ 7.

Bank of America now services the Loan. Id. ¶ 6. In January 2013, Bank of America informed Duffy that it intended to foreclose on his home on behalf of HSBC. Id. ¶ 23.

On March 26, 2013, Duffy filed a complaint in the Superior Court for the District of Columbia [Dkt. No. 1-1]. On May 13, 2013, Defendants removed the action to this Court alleging diversity jurisdiction [Dkt No. 1].

On May 13, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint [Dkt. No. 3]. On May 30, 2013, Plaintiff filed an Opposition [Dkt. No. 11]. On June 10, 2013, Defendants filed a Reply [Dkt. No. 13].

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

-3-

any set of facts consistent with the allegations in the complaint." Id. at 563.

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success . . . [,] must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [, and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21, 525 F.3d at 17 (internal quotation marks and citations omitted). A complaint will not suffice, however, if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557) (alteration in Iqbal).

## III. ANALYSIS

Duffy seeks three things. First, he seeks a declaration that he "owns the Property free and clear of all encumbrances." Compl. p. 14. Second, he seeks a declaration "that none of the Defendants has any interest in his property." Opp'n at 1, 8. Third, he requests that the Court declare the two Assignments of the Deed void. Id.

Duffy's first request must be denied because the existence of an encumbrance on his property is undisputed. Compl. ¶ 1. Because Duffy alleges no facts that challenge the existence of

-4-

the encumbrance, there is no factual support for a declaration that Plaintiff "owns the Property free and clear of all encumbrances."

Duffy's second and third requests are based on his assertion that the original holder of the Deed, MERS, did not have the authority to transfer the Deed to Bank of America. He alleges that "MERS is not now nor has it ever been the holder of the Deed of Trust," and that "the Deed of Trust does not authorize MERS to sell or convey it." Compl. ¶ 17. In his Opposition, Duffy insists that "the Deed of Trust does not provide to MERS or the beneficiary any rights with respect to the Deed of Trust." Opp'n at 4. He repeatedly insists that MERS is only mentioned twice in the Deed, on page one and page two, and that "[t]here is no other mention of MERS in the document." Id. at 10-11.

This is incorrect. If Duffy (or, for that matter, any of the Defendants) had turned to page three of the Deed, he would have observed that it specifically grants the right to foreclose on the property to MERS:

> Borrower understands and agrees that MERS holds only
> legal title to the interests granted by Borrower in
> this Security Instrument, but, if necessary to comply
> with law or custom, MERS (as nominee for Lender and
> Lender's successors and assigns) has the right to
> exercise any or all of those interests, including, but
> not limited to, <u>the right to foreclose and sell the</u>

> Property; and to take any action required of Lender
> including, but not limited to, releasing and canceling
> this Security Instrument.

Compl., Ex. 1, p. 3 (emphasis added).[2] Thus, contrary to Duffy's assertions, the Deed explicitly provided MERS with the right to exercise the Lender's interests, including, but not limited to, the right to foreclose on his property.

The D.C. Code provides that "[t]ransfer of an instrument . . . vests in the transferee any right of the transferor to enforce the instrument." Leake v. Prensky, 798 F. Supp. 2d 254, 257 (D.D.C. 2011) (quoting D.C. Code § 28:3-203(b)). Thus, the rights vested in MERS could be and were transferred by valid assignment to Bank of America. See Compl., Ex. 2. Those rights were then transferred by valid assignment to HSBC as Trustee for Deutsche Bank. Compl., Ex. 3. Therefore, Duffy is not entitled to either a declaration that the Assignments of the Deed are void or a declaration "that none of the Defendants has any interest in his property." Opp'n at 1, 8.

---

[2] In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), "a court may consider 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint,' or 'documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by [the parties].'" Cannon v. Wells Fargo Bank, N.A., _ F. Supp. 2d _, 2013 WL 3306156, at *6 (D.D.C. July 1, 2013) (citation omitted). Thus, the Court can consider the Deed of Trust, attached to the Complaint as Exhibit 1, and the two Assignments of the Deed, attached as Exhibits 2 and 3.

None of Duffy's additional arguments in any way affect the rights of Bank of America, acting on behalf of HSBC, to exercise the power-of-sale clause in the Deed.

First, Duffy is incorrect that District of Columbia law requires a foreclosing institution to be the holder of the underlying Note. See Diaby v. Bierman, 795 F. Supp. 2d 108, 113 (D.D.C. 2011) (holding that "whether or not defendants are holders of the note is not dispositive as to whether they have standing to foreclose on the property"). The District of Columbia is a non-judicial foreclosure jurisdiction, which allows for a power-of-sale to be located in a deed of trust and then executed by the lender or its representative. See id.; see also Carter v. Bank of America, N.A., 888 F. Supp. 2d 1, 14 (D.D.C. 2012) (noting that District of Columbia is a non-judicial foreclosure jurisdiction, which "allows foreclosure pursuant to a 'power of sale provision contained in any deed of trust'") (quoting Leake, 798 F. Supp. 2d at 256).

Second, Duffy alleges that there was a violation of D.C. Code § 47-1431 when the Note was sold in September of 2011 without being recorded. Compl. ¶¶ 13-14. There is no requirement that an assignment of a note be recorded to be valid. See Robinson v. Deutsche Bank Nat'l Trust Co., Case No. 12-0732, 2013 WL 1191034, at *5 (D.D.C. Mar. 25, 2013) (noting that

-7-

"District of Columbia law does not require an assignment of a note or deed of trust to be recorded in order for the transfer to be valid"); Leake, 798 F. Supp. 2d at 257 (concluding that bank could enforce note's foreclosure provision under District of Columbia law, despite its failure to record the assignment of the note); Diaby, 795 F. Supp. 2d at 112 (holding that "failure to record an assignment does not give rise to a cause of action"). Thus, Duffy's argument regarding the failure to record a transfer of the Note is unavailing.[3]

In sum, Duffy signed a Deed which granted MERS a power-of-sale over his property if he failed to make payments in accordance with the agreement. Duffy has raised no fact or law which challenges the validity of the power-of-sale clause, MERS's ability to assign that right to Bank of America, Bank of America's ability to assign that right to HSBC as Trustee for

---

[3] Moreover, D.C. Code § 47-1431 does not expressly confer a private right of action. The burden is on the plaintiff to show that "the D.C. Council intended to imply a right to sue for damages for violations" of the statute. Koker v. Aurora Loan Servicing, LLC, Case No. 12-1069, 2013 WL 40320, at *7 (D.D.C. Jan. 3, 2013) (quoting Coates v. Elzie, 768 A.2d 997, 1001 (D.C. 2001)). Duffy has failed to address this issue, much less carry his burden of proof. His failure to respond to the argument is enough to consider the issue conceded. See Koker, 2013 WL 40320, at *7 (dismissing claim when plaintiff "provide[d] no analysis on the point and simply assume[d] that she may sue for a violation of the statute"); see also Henok v. Chase Home Fin., LLC, Case No. 12-292, 2013 WL 151173, at *7 (D.D.C. Jan. 15, 2013) (same).

Deutsche Bank, or Bank of America's ability to enforce that right on HSBC's behalf. Thus, Duffy has failed to "state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and Defendants' Motion to Dismiss must be **granted**.

IV. **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff filed a Motion for Leave to File Amended Complaint [Dkt. No. 16], and that Motion is now ripe. Because the proposed Amended Complaint is based on the same mistaken premise as the original Complaint, namely, that there is no power-of-sale clause in the Deed, the amendment the Plaintiff seeks is futile. See Hettings v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (per curiam) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").[4] Thus, Plaintiff's Motion is **denied**.

V. **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss is **granted**, and the Plaintiff's case is dismissed

---

[4] In Plaintiff's Reply in Support of its Motion for Leave to Amend Complaint [Dkt. No. 21], Plaintiff mentions for the first time "the power of sale contained in the Deed of Trust" without citation or explanation. Pl.'s Reply Mem. of Law in Support of His Mot. to Amend the Compl. 4. The rest of Plaintiff's reply suggests that, even if Plaintiff has now recognized that a power-of-sale clause is present in the Deed, he does not understand the legal significance of that fact.

-9-

without prejudice. "[T]he standard for dismissing a complaint with prejudice is high: 'dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Belizan v. Herson, 434 F.3d 579, 583 (D.C. Cir. 2006) (quoting Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996)) (emphasis in original). Because neither the Plaintiff nor the Defendant identified the power-of-sale clause in the Deed, the possibility that Plaintiff could allege facts consistent with the presence of a power-of-sale clause that could justify relief has never been addressed. Thus, in an abundance of caution, the Court will dismiss the case without prejudice.

An Order shall accompany this Memorandum Opinion.

January 30, 2014

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to: attorneys on record via ECF**